IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No. 3:21-cr-91 |
| | ) | |
| v. | ) | SECOND SUPERSEDING |
| | ) | INDICTMENT |
| NAJAWAUN MARCUS QUINN, | ) | |
| also known as, "Fat Boy" or "Fat Boi", | ) | T. 18 U.S.C. § 2 |
| DARION DAQUAN GARDNER, | ) | T. 18 U.S.C. § 922(g)(1) |
| also known as, "Lil Man", | ) | T. 18 U.S.C. § 924(a)(2) |
| AUSTIN ZACHARY RUIZ, | ) | T. 18 U.S.C. § 924(c)(1)(A) |
| also known as, "Ace", | ) | T. 18 U.S.C. § 924(j)(1) |
| DIMETRI ALEXANDER SMITH, | ) | T. 18 U.S.C. § 1951(a) |
| also known as "Metri", and | ) | T. 18 U.S.C. § 1959(a)(1) |
| OLAJUWAN HAKEEM CULBREATH, | ) | T. 18 U.S.C. § 1959(a)(3) |
| also known as "Wan" or "Bang", | ) | T. 18 U.S.C. § 1959(a)(5) |
| | ) | |
| Defendants. | ) | |

**THE GRAND JURY CHARGES:**

## Introduction

### The Enterprise

1. At various times relevant to this Superseding Indictment, the defendants, NAJAWAUN MARCUS QUINN, also known as "Fat Boy" or "Fat Boi", DARION DAQUAN GARDNER, also known as "Lil Man", AUSTIN ZACHARY RUIZ, also known as "Ace", DIMETRI ALEXANDER SMITH, also known as "Metri", and OLAJUWAN HAKEEM CULBREATH, also known as "Wan" or "Bang", and others known and unknown to the Grand Jury, were members and associates of a criminal organization known as the Savage Life Boys Gang ("SLB Gang"), whose members and associates engaged in acts of violence, including acts involving murder and assault,

1

narcotics distribution, and other criminal activities, and which operated principally in the Davenport, Iowa, area.

2. The SLB Gang, including its leadership, its membership, and its associates constituted an "enterprise," as defined in Title 18, United States Code, Section 1959(b)(2), that is, a group of individuals associated in fact, that engaged in, and the activities of which, affected interstate and foreign commerce. The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

3. The SLB enterprise, through its members and associates, engaged in racketeering activity as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), namely offenses involving the felonious manufacture, importation, receiving, concealment, buying, selling, and otherwise dealing in controlled substances, in violation of Title 21, United States Code, Sections 841 and 846; acts involving murder in violation of the laws of the state of Iowa; and acts involving robbery in violation of the laws of the state of Iowa.

### Purposes of the Enterprise

4. The principal purposes and objectives of the SLB enterprise, including it members and associates, include, but are not limited to the following:

    a. Enriching members and associates of the SLB enterprise by the distribution of controlled substances, including ecstasy, cocaine base, and marijuana and through acts involving robbery;

b. Maintaining control and authority over territory claimed by the SLB enterprise and preserving and protecting the power, and profits of the enterprise through intimidation, violence, threats of violence, and acts involving robbery and murder;.

c. Promoting and enhancing the enterprise and its members' and associates' activities;

d. Keeping victims and witnesses in fear of the enterprise and in fear of its members and associates through threats of violence;

e. Providing support to gang members who were charged with, or incarcerated for, gang-related activities;

f. Preventing and retaliating against acts of violence perpetrated against the enterprise, its members, and their associates; and

g. Committing acts of violence against members and associates of rival street gangs, such as Zone Fifth and Black Savage, as well as other rivals, and retaliating against acts of violence perpetrated against the enterprise and its members and associates by Zone Fifth and Black Savage street gang members and associates and other rivals.

### Means and Methods

5. Among the means and methods by which the members and the associates of the enterprise conducted and participated in the conduct of the affairs of the enterprise were the following:

     a.     Members and associates of the enterprise operated and conducted their affairs through a series of rules;

     b.     Members and associates gained respect in the enterprise through committing acts of violence including assaulting, shooting, and killing rival gang members and other rivals;.

     c.     Members and associates of the enterprise managed the procurement, transfer, use, concealment, and disposal of firearms and dangerous weapons within the enterprise to protect gang-related personnel and operations, and to deter, eliminate, and retaliate against competitors and other rival street gangs and persons;

     d.     Members and associates of the enterprise used juveniles to commit acts for the benefit of the enterprise;

     e.     Members and associates of the enterprise agreed to distribute and distributed quantities of ecstasy, cocaine base, and marijuana;

     f.     Members and associates of the enterprise agreed, planned, and conspired to commit acts of violence and shootings, including acts involving murder, against Zone Fifth and Black Savage street gang members and associates;.

     g.     Members and associates of the enterprise also agreed, planned, and conspired to commit acts of violence and shootings, including acts involving murder, against drug dealers;

     h.     Members and associates of the enterprise possessed, used, carried, brandished, and discharged firearms;

      i.      Members and associates of the enterprise represented themselves to be and identified themselves as gang members of the SLB Gang to intimidate victims and rivals and to enhance their street credibility;

      j.      Members and associates of the enterprise promoted a climate of fear through violence and threats of violence; and.

      k.      Members and associates of the enterprise showed their membership by using a set of hand-signs.

**THE GRAND JURY FURTHER CHARGES:**

<u>**COUNT 1**</u>
**(Assault With a Dangerous Weapon in Aid of Racketeering)**

Paragraphs 1 through 5 of the Introduction of this Superseding Indictment are incorporated herein.

On or about October 16, 2016, in the Southern District of Iowa, for the purpose of maintaining and increasing position in the SLB Gang, an enterprise engaged in racketeering activity, the defendant, NAJAWAUN MARCUS QUINN, also known as "Fat Boy" or "Fat Boi", together with others known and unknown to the Grand Jury, did commit an assault with a dangerous weapon on R.A., in violation of Iowa Code, Sections 708.6.

This is a violation of Title 18, United States Code, Section 1959(a)(3).

**THE GRAND JURY FURTHER CHARGES:**

**COUNT 2**
**(Use and Carry a Firearm During and In Relation to a Crime of Violence)**

On or about October 16, 2016, in the Southern District of Iowa, the defendant, NAJAWAUN MARCUS QUINN, also known as "Fat Boy" or "Fat Boi", did knowingly use, carry, brandish, and discharge a firearm during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, that is, assault with a dangerous weapon in aid of racketeering, as charged in Count 1 of the Superseding Indictment.

This is a violation of Title 18, United States Code, Section 924(c)(1)(A).

**THE GRAND JURY FURTHER CHARGES:**

**COUNT 3**
**(Felon in Possession of a Firearm and Ammunition)**

On or about October 16, 2016, in the Southern District of Iowa, the defendant, NAJAWAUN MARCUS QUINN, also known as "Fat Boy" or "Fat Boi", in and affecting commerce, knowingly possessed a firearm, namely: a loaded, black and silver Smith and Wesson SD9 VE nine-millimeter handgun with serial number FWV0619. At the time of the offense, the defendant knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year.

This is a violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

**THE GRAND JURY FURTHER CHARGES:**

**COUNT 4**
**(Assault With a Dangerous Weapon in Aid of Racketeering)**

Paragraphs 1 through 5 of the Introduction of this Superseding Indictment are incorporated herein.

On or about December 16, 2016, in the Southern District of Iowa, for the purpose of maintaining and increasing position in the SLB Gang, an enterprise engaged in racketeering activity, the defendants, DARION DAQUAN GARDNER, also known as "Lil Man", and AUSTIN ZACHARY RUIZ, also known as "Ace", together with others known and unknown to the Grand Jury, did commit an assault with a dangerous weapon on T.J., in violation of Iowa Code, Sections 708.6, 703.1, and 703.2.

This is a violation of Title 18, United States Code, Sections 2 and 1959(a)(3).

**THE GRAND JURY FURTHER CHARGES:**

**COUNT 5**
**(Use and Carry a Firearm During and In Relation to a Crime of Violence)**

On or about December 16, 2016, in the Southern District of Iowa, the defendants, DARION DAQUAN GARDNER, also known as "Lil Man", and AUSTIN ZACHARY RUIZ, also known as "Ace", did knowingly use, carry, brandish, and discharge a firearm during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, that is, assault with a dangerous weapon in aid of racketeering, as charged in Count 4 of the Superseding Indictment.

This is a violation of Title 18, United States Code, Sections 2 and 924(c)(1)(A).

**THE GRAND JURY FURTHER CHARGES:**

**COUNT 6**
**(Assault With a Dangerous Weapon in Aid of Racketeering)**

Paragraphs 1 through 5 of the Introduction of this Superseding Indictment are incorporated herein.

On or about December 16, 2016, in the Southern District of Iowa, for the purpose of maintaining and increasing position in the SLB Gang, an enterprise engaged in racketeering activity, the defendants, DARION DAQUAN GARDNER, also known as "Lil Man", and AUSTIN ZACHARY RUIZ, also known as "Ace", together with others known and unknown to the Grand Jury, did commit an assault with a dangerous weapon on J.R., in violation of Iowa Code, Sections 708.6, 703.1, and 703.2.

This is a violation of Title 18, United States Code, Sections 2 and 1959(a)(3).

**THE GRAND JURY FURTHER CHARGES:**

**COUNT 7**
**(Use and Carry a Firearm During and In Relation to a Crime of Violence)**

On or about December 16, 2016, in the Southern District of Iowa, the defendants, DARION DAQUAN GARDNER, also known as "Lil Man", and AUSTIN ZACHARY RUIZ, also known as "Ace", did knowingly use, carry, brandish, and discharge a firearm during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, that is, assault with a dangerous weapon in aid of racketeering, as charged in Count 6 of the Superseding Indictment.

This is a violation of Title 18, United States Code, Sections 2 and 924(c)(1)(A).

**THE GRAND JURY FURTHER CHARGES:**

**COUNT 8**
**(Assault With a Dangerous Weapon in Aid of Racketeering)**

Paragraphs 1 through 5 of the Introduction of this Superseding Indictment are incorporated herein.

On or about April 22, 2017, in the Southern District of Iowa, for the purpose of maintaining and increasing position in the SLB Gang, an enterprise engaged in racketeering activity, the defendants, AUSTIN ZACHARY RUIZ, also known as "Ace", and DIMETRI ALEXANDER SMITH, also known as "Metri", together with others known and unknown to the Grand Jury, did commit an assault with a dangerous weapon on L.G., in violation of Iowa Code, Sections 708.6, 703.1, and 703.2.

This is a violation of Title 18, United States Code, Sections 2 and 1959(a)(3).

**THE GRAND JURY FURTHER CHARGES:**

**COUNT 9**
**(Interference With Commerce by Robbery)**

That at all times material to this Superseding Indictment, a person, hereafter referred to as "L.G.," was engaged in distributing and transporting controlled substances, to wit: marijuana in interstate commerce and an industry that affects interstate commerce.

That on or about April 22, 2017, in the Southern District of Iowa, the defendants, AUSTIN ZACHARY RUIZ, also known as "Ace", and DIMETRI ALEXANDER SMITH, also known as "Metri", did unlawfully obstruct, delay and affect and attempt to obstruct, delay and affect, commerce as that term is defined in

9

Title 18, United States Code, Section 1951(b), and the movement of articles and commodities in such commerce, by robbery as that term is defined in Title 18, United States Code, Section 1951(b), in that the defendants, AUSTIN ZACHARY RUIZ, also known as "Ace", and DIMETRI ALEXANDER SMITH, also known as "Metri", did unlawfully take and obtain personal property of consisting of United States currency and marijuana in the presence of L.G., against his will by means of actual and threatened force, violence, and fear of injury, immediate and future, to his person, that is by a physical assault and discharging a firearm.

This is a violation of Title 18, United States Code, Sections 2 and 1951(a).

**THE GRAND JURY FURTHER CHARGES:**

**COUNT 10**
**(Use and Carry a Firearm During and In Relation to a Crime of Violence)**

On or about April 22, 2017, in the Southern District of Iowa, the defendants, AUSTIN ZACHARY RUIZ, also known as "Ace", and DIMETRI ALEXANDER SMITH, also known as "Metri", did knowingly use, carry, brandish, and discharge a firearm during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, that is, assault with a dangerous weapon in aid of racketeering, as charged in Count 9 of the Superseding Indictment and interference with commerce by robbery, as charged in Count 10 of the Superseding Indictment.

This is a violation of Title 18, United States Code, Sections 2 and 924(c)(1)(A).

**THE GRAND JURY FURTHER CHARGES:**

## COUNT 11
### (Felon in Possession of Ammunition)

On or about April 22, 2017, in the Southern District of Iowa, the defendant, AUSTIN ZACHARY RUIZ, also known as "Ace", in and affecting commerce, knowingly possessed ammunition, namely: one round of nine-millimeter Remington-Peters ammunition. At the time of the offense, the defendant knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year.

This is a violation of Title 18, United States Code, Sections 2, 922(g)(1), and 924(a)(2).

**THE GRAND JURY FURTHER CHARGES:**

## COUNT 12
### (Murder in Aid of Racketeering)

Paragraphs 1 through 5 of the Introduction of this Superseding Indictment are incorporated herein.

On or about February 12, 2017, in the Southern District of Iowa, for the purpose of maintaining and increasing position in the SLB Gang, an enterprise engaged in racketeering activity, the defendant, DARION DAQUAN GARDNER, also known as "Lil Man", did knowingly and intentionally murder M.C., in violation of Iowa Code, Sections 707.2(1)(b) and 707.3.

This is a violation of Title 18, United States Code, Section 1959(a)(1).

**THE GRAND JURY FURTHER CHARGES:**

## COUNT 13
**(Use and Carry a Firearm During and In Relation to a Crime of Violence)**

On or about February 12, 2017, in the Southern District of Iowa, the defendant, DARION DAQUAN GARDNER, also known as "Lil Man", did knowingly use, carry, brandish, and discharge a firearm during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, that is, murder in aid of racketeering, as charged in Count 12 of the Superseding Indictment.

This is a violation of Title 18, United States Code, Sections 2 and 924(c)(1)(A).

**THE GRAND JURY FURTHER CHARGES:**

## COUNT 14
**(Causing Death Through Use of a Firearm)**

On or about February 12, 2017, in the Southern District of Iowa, the defendant, DARION DAQUAN GARDNER, also known as "Lil Man", in the course of a violation of Title 18, United States Code, Section 924(c), as alleged in Count 13 of this Superseding Indictment, did knowingly and purposely cause the death of M.C. through the use of a firearm, which killing constituted murder as defined in Title 18, United States Code, Section 1111.

This is a violation of Title 18, United States Code, Sections 2 and 924(j)(1).

**THE GRAND JURY FURTHER CHARGES:**

## COUNT 15
**(Attempted Murder in Aid of Racketeering)**

Paragraphs 1 through 5 of the Introduction of this Superseding Indictment are incorporated herein.

On or about February 12, 2017, in the Southern District of Iowa, for the purpose of maintaining and increasing position in the SLB Gang, an enterprise engaged in racketeering activity, the defendant, DARION DAQUAN GARDNER, also known as "Lil Man", did knowingly and intentionally attempt to murder D.W., in violation of Iowa Code, Sections 707.3, 707.11.

This is a violation of Title 18, United States Code, Section 1959(a)(5).

**THE GRAND JURY FURTHER CHARGES:**

**COUNT 16**
**(Use and Carry a Firearm During and In Relation to a Crime of Violence)**

On or about February 12, 2017, in the Southern District of Iowa, the defendant, DARION DAQUAN GARDNER, also known as "Lil Man", did knowingly use, carry, brandish, and discharge a firearm during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, that is, attempted murder in aid of racketeering, as charged in Count 15 of the Superseding Indictment.

This is a violation of Title 18, United States Code, Sections 2 and 924(c)(1)(A).

**THE GRAND JURY FURTHER CHARGES:**

**COUNT 17**
**(Assault With a Dangerous Weapon in Aid of Racketeering)**

Paragraphs 1 through 5 of the Introduction of this Superseding Indictment are incorporated herein.

On or about January 31, 2017, in the Southern District of Iowa, for the purpose of maintaining and increasing position in the SLB Gang, an enterprise engaged in racketeering activity, the defendants, DIMETRI ALEXANDER SMITH, also known

as "Metri", and OLAJUWAN HAKEEM CULBREATH, also known as "Wan" or "Bang", together with others known and unknown to the Grand Jury, did commit an assault with a dangerous weapon on B.P., in violation of Iowa Code, Sections 708.6, 703.1, and 703.2.

This is a violation of Title 18, United States Code, Sections 2 and 1959(a)(3).

**THE GRAND JURY FURTHER CHARGES:**

## COUNT 18
**(Use and Carry a Firearm During and In Relation to a Crime of Violence)**

On or about January 31, 2017, in the Southern District of Iowa, the defendant, DIMETRI ALEXANDER SMITH, also known as "Metri", and OLAJUWAN HAKEEM CULBREATH, also known as "Wan" or "Bang", did knowingly use, carry, brandish, and discharge a firearm during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, that is, assault with a dangerous weapon in aid of racketeering, as charged in Count 17 of the Superseding Indictment.

This is a violation of Title 18, United States Code, Sections 2 and 924(c)(1)(A).

**A TRUE BILL.**

/s/
FOREPERSON

Richard D. Westphal
United States Attorney

By: /s/
Torrie J. Schneider
Assistant United States Attorney